ALBERT'S, INC., PETITIONER, v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 8891. Promulgated March 1, 1928.

*H. W. B. Taylor, Esq.*, and *Thomas P. Boyd, Esq.*, for the petitioner.

*A. H. Fast, Esq.*, for the respondent.

## OPINION.

TRUSSELL: The record of this action does not show in what manner the Commissioner arrived at his finding that the net income was greater than that shown in the petitioner's return, and it does not appear that the petitioner now raises any issue as to Commissioner's net income figures being supported by its books of account. There is some testimony and much argument intended to raise the issue that petitioner's closing inventory for 1919 is incorrect and does not reflect the true cost or market value, whichever is lower, of the inventory and that therefore the figures of net income are distorted. But there is no testimony from which we can find any specific error in the inventory or any basis upon which it might be claimed that such inventory should be corrected or revised. The chief burden of petitioner's position seems to be simply that figures produced an amount of net income out of proportion to the business transacted. It is impossible, however, for us to find in the record any basis for concluding that the inventories are incorrect or that there must be any proper revision of the inventory figures.

Petitioner's testimony in support of his claim for special relief consists of a showing that the net income as found by the Commissioner is more than 27 per cent of the gross sales, and a showing that, for 1921 and subsequent years, there have been publications of the result of researches showing that the average percentage of income to gross sales of department stores in California have been much less than the percentage found in the petitioner's case for 1919. In respect to this testimony it must be noted that the published results of researches made apply to years subsequent to the one here under review, and apparently overlook the fact that the year 1919 was a year of high prices in the mercantile trade, while in the year 1921 and subsequent years much lower prices prevailed.

Examining the data respecting sales, merchandise profits, and invested capital as shown by the petitioner's return, it appears that the gross merchandise profit was near 40 per cent of the gross sales and that such profits represented a mark-up of cost prices to an average extent of about 60 cents per dollar. It may well be that these figures represent a high rate of gain upon sales but the mere fact that a petitioner in the year 1918 was able to sell his goods at high prices, and so realize proportionate profits, is not in itself an

abnormality as described in section 327 (d) of the Revenue Act of 1918. It is further noted that the total tax liability as determined by the Commissioner is only approximately 36.2 per cent of the net income, and, although it may be granted that other taxpayers fail to realize profits upon which that rate of tax could be computed, such fact does not establish an abnormality of income but rather indicates that in the petitioner's peculiar situation it was able to realize a high rate of profit upon the amount of goods sold during the year 1919. We are, therefore, of the opinion that the record does not show such a set of facts as to require the operation of the relief sections of the Revenue Act of 1918. The deficiency in income and profits taxes for the calendar year 1919 is in the amount of $4,885.

*Judgment will be entered accordingly.*